18		July 16, 2025		No. 641

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of G. E. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. K. B.,
*Appellant.*

Lane County Circuit Court
24JU01370; A186230

Charles M. Zennaché, Judge.

Submitted May 28, 2025.

George W. Kelly filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Mother appeals from a judgment terminating her parental rights to her son, G. Mother raises three assignments of error that assign error to the three independent statutory bases that the juvenile court relied upon to terminate mother's parental rights. We address only mother's third assignment of error, which contends that the juvenile court erred in terminating her rights based on her neglect of her child under ORS 419B.506. Because on *de novo* review we conclude that there was clear and convincing evidence of neglect, we reject mother's third assignment of error. As a result, we do not need to reach mother's other assignments of error that challenge the other bases for the termination of her parental rights. As we discuss below, we affirm the judgment terminating mother's parental rights to G.

The neglect statute, ORS 419B.506, provides, in part:

"The rights of the parent or parents may be terminated as provided in ORS 419B.500 if the court finds that the parent or parents have failed or neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of the child or ward for six months prior to the filing of a petition. In determining such failure or neglect, the court shall disregard any incidental or minimal expressions of concern or support and shall consider but is not limited to one or more of the following:

"* * * * *

"(2)  Failure to maintain regular visitation or other contact with the child or ward that was designed and implemented in a plan to reunite the child or ward with the parent.

"(3)  Failure to contact or communicate with the child or ward or with the custodian of the child or ward. In making this determination, the court may disregard incidental visitations, communications or contributions."

ORS 419B.506. Mother concedes that she had no contact with G during the six months prior to the filing of the March 2024 termination petition. Mother does not contend that she made any attempts to reach out to or communicate with G or his custodians. Having reviewed the record *de novo*, we

confirm that the evidence clearly shows that there were no such visits, attempted visits, attempted indirect contacts, or even inquiries about G during the relevant time period. Indeed, there had been little contact between mother and G since his birth and no contact in the approximately 18 months between December 2022 and June 2024.

Mother's sole argument regarding neglect is that the record does not show that her absence was "without reasonable and lawful cause" under ORS 419B.506 because, according to mother, there was little evidence of mother's circumstances during the relevant time period. The record belies that argument. An Oregon Department of Human Services (ODHS) caseworker had located mother at the Eugene Mission and met with her during the relevant time period, but mother did not ask for visits with the child or seek information about him even when prompted with a current picture of him. Mother appeared to be uninterested in engaging. That was consistent with mother's conduct in other instances when ODHS had located her. Based on our *de novo* review, the factual record shows clear and convincing evidence that mother neglected her child in the six months prior to the termination petition "without reasonable and lawful cause" under ORS 419B.506.

Finally, mother does not challenge the juvenile court's finding that termination of her parental rights was in the child's best interest. *See* ORS 419B.500 (stating that a court may terminate parental rights only if "the court finds that it is in the best interests of the ward"). Nevertheless, we conclude that there is clear and convincing evidence in this record that termination is in the child's best interest. Child has no bond with mother and is very bonded to his resource parents. As discussed above, mother has essentially been a stranger to G since his birth and has not appeared to demonstrate an interest in changing those circumstances going forward.

Accordingly, the juvenile court did not err in terminating mother's parental rights on the basis of neglect (ORS 419B.506), and we need not reach the other bases for termination of mother's rights.

Affirmed.